**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4007

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COREY GARDNER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge.  (1:21-cr-00272-DKC-1)

Submitted:  August 22, 2024                          Decided:  August 26, 2024

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Vincent A. Jankoski, Silver Spring, Maryland, for Appellant.  John Walter Sippel, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Gardner seeks to appeal his convictions and the 144-month sentence imposed following his guilty plea, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to two counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).  Gardner's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Gardner's guilty plea is valid and whether the sentence is procedurally reasonable.  Gardner did not file a pro se supplemental brief after being notified of his right to do so.  The Government has moved to dismiss the appeal as barred by the appeal waiver included in the plea agreement.

Where, as here, the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issues raised on appeal fall within its scope.  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).  Our review of the plea hearing leads us to conclude that Gardner's guilty plea is valid, that Gardner knowingly and intelligently waived his right to appeal, and that the waiver is valid and enforceable.  Gardner's challenge to his sentence falls squarely within the waiver's scope, and we discern no basis to decline to enforce the otherwise valid waiver and consider the reasonableness of the agreed-upon sentence.  Finally, we have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver.  Accordingly, we grant the Government's motion to dismiss Gardner's appeal as to all issues within the waiver's scope.  We affirm the remainder of the criminal judgment.

2

This court requires that counsel inform Gardner, in writing, of the right to petition the Supreme Court of the United States for further review. If Gardner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gardner. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*